UNITED STATES BANKRUPTCY COURT

FOR THE WESTERN DISTRICT OF MICHIGAN

In Re:

WILLIAM W. MORRIS and             Case No: 11-07682 swd
JACQUELINE L. MORRIS,             Chapter 7
                                                      Honorable Scott W. Dales
             Debtors.                   Filed:  July 19, 2011
_____/

**MOTION TO SELL INTEREST IN LAND CONTRACT AND PROPERTY**
**(948 N. RAYMOND, BATTLE CREEK, MICHIGAN 49014)**

        NOW COMES Stephen L. Langeland, Chapter 7 Trustee (the "**Trustee**"), through his attorneys, and moves the Court as follows:

        1.     On July 19, 2011, Debtors filed a voluntary petition under Chapter 7 of the Bankruptcy Code.

        2.     The Trustee is the appointed and qualified Chapter 7 Trustee in this case.

        3.     The assets of the bankruptcy estate being administered by the Trustee include a claimed interest in a land contract dated September 24, 2007, as amended March 21, 2010, and March 23, 2011 (the "**Land Contract**") for sale of the real property commonly known as 948 N. Raymond Road, Battle Creek, Michigan 49014 (the "**Property**"), situated in the Township of Emmett, Calhoun County, Michigan, and a claimed interest in the Property.  The Property is described as follows:

        Parcel 1:  Commencing at a point on the Southeasterly line of Raymond Road, distant South 33° West 416.6 feet from the Southwest corner of Lot 1, Block 1 of the recorded Plat of Brownlee Park; thence South 77°40' East 132 feet; thence North 33° East 60 feet; thence South 77°40' East 168 feet; thence South 33° West 120 feet; thence North 77°40' West 300 feet to the Southeasterly line of Raymond Road; thence North 33° East 60 feet to the Place of Beginning, being on the Southeast 1/4, of Section 5, Town 2 South, Range 7 West, Township of Emmett, Calhoun County, Michigan.

        Parcel 2:  Also: All that part of the Southeast 1/4 of Section 5, Town 2 South, Range 7 West, Township of Emmett, Calhoun County, Michigan, described as follows: Beginning at a point on the East line of said section distant 659.26 feet North of the South line of said section; thence North 77°40' West 176.55 feet; thence North 33° East parallel with and distant 280.7 feet measured at right angles from the Easterly line of Raymond Road 120 feet; thence South 77°40' East 107.9 feet to the East line of said section; thence South 00°51' East along said section line 115.32 feet to the Place of Beginning.

Parcel 3:  Part of the Southeast 1/4 of Section 5, Town 2 South, Range 7 West, Emmett Township, Calhoun County, Michigan, described as: Beginning at a point on the Southeasterly line of Raymond Road, distant South 33° West 336.6 feet from the Southwest corner of Lot 1, of the recorded Plat of Brownlee Park; thence continuing South 33° West, 80.00 feet along said Southeasterly line of Raymond Road; thence South 77°40' East, 132 feet; thence North 33° East, 60 feet; thence South 77°40' East 168 feet; thence North 74°00'42" West 293.54 feet to the Place of Beginning.

Commonly known as: 948 N. Raymond, Battle Creek, Michigan
P.P. No.: 13-10-005-004-01

A copy of the Land Contract is attached as **Exhibit A**.

4. The payments due under the Land Contract on January 24, 2012 and in the months that followed, have not been made by the buyer, HOA Enterprises, Inc., of 948 N. Raymond Road, Battle Creek, Michigan 49014 (the "**Buyer**").

5. The Buyer has made an offer to purchase the estate's claimed interest in the Land Contract and the estate's claimed interest in the Property (collectively, the "**Interest**") from the Trustee.

6. The purchase price for the Interest is $20,000.00 (the "**Purchase Price**").

7. The Purchase Price shall be paid in cash at closing.

8. The Trustee believes that the Purchase Price is the minimum obtainable value of the Interest.

9. There is no broker involved in connection with the sale that would be entitled to a commission.

10. The Buyer is not disinterested, as the Buyer is purchasing the Property pursuant to the terms of the Land Contract.

11. The Land Contract is between HOTS, Inc., a Michigan corporation, and the Buyer, although the shareholder of HOTS, Inc. and the shareholder of Buyer are the same person.

12. The Trustee believes that the Land Contract was prepared in error, and that it was intended that William W. Morris was the seller under the terms of the Land Contract.  That fact has been confirmed by virtue of payments that have been made to William W. Morris under the terms of the Land Contract.

13. The Trustee has sent to the Buyer a forfeiture notice concerning the Land Contract, and is prepared to file an action in the Calhoun County Circuit Court seeking a determination that the Trustee holds the Land Contract as the seller.

14. In response to the forfeiture notice, the Buyer has made an offer to purchase the Interest.

15. The Trustee requests that the Court approve sale of the Interest, subject to the following conditions:

(a) The Trustee is agreeing to the sale solely as trustee in this bankruptcy case, and not individually.

(b) The Interest will be transferred by the Trustee's execution of an assignment, quit claim deed and/or trustee's bill of sale, as requested by the Buyer or other successful bidder.

(c) Sale of the Interest shall be made on an "**AS IS, WHERE IS**" basis as of the date of closing of the sale, without representation or warranty, express or implied of any kind, nature, or description, including without limitation any warranty of title, any warranty as to the amount due under the terms of the Land Contract, or as to the condition or usability of the Property for any purpose. The Trustee shall not be required to inspect or test or report on the condition of the Property, or the operability of the Property, or the existence of any defects in the Property.

(d) The sale will be subject to the right of any other qualified bidder to submit a higher and better bid at the hearing on approval of the sale to the Buyer. As a condition to acceptance of a competing bid, the bidder may be required by the Trustee to make earnest money deposit of $2,000 in certified funds. Any person interested in submitting a higher and better bid may attend the hearing on approval of the sale to the Buyer, at which time all other bids will be received. The Trustee reserves the right to recommend confirmation by the Court of the bid determined by the Trustee to be the highest and best bid.

(e) Any competing bid must be on the same terms and conditions as specified in this Motion, with the exception of price.

(f) Any competing bid must be for at least $1,000.00 more than the prior competing bid.

(g) It is preferable, but not required, that written financing commitments accompany any competing offer for which financing is required. At a minimum, any competing bidder must provide sufficient information to assure the Trustee that the competing bidder is qualified to bid.

(h) The Trustee may accept one or more back-up offers. The Trustee shall have no obligation to close a back-up offer accepted by him unless the Interest is not sold pursuant to the previous offer or offers.

(i) The sale shall be closed immediately following the hearing to approve the sale.

    (j)    Any person who desires additional information regarding the Interest should contact either:

> Stephen L. Langeland
> 6146 West Main Street Ste. C
> Kalamazoo, Michigan 49009
> Telephone:  (269) 382-3703
> or
> Timothy Hillegonds
> Warner Norcross & Judd LLP
> 900 Fifth Third Center, 111 Lyon Street NW
> Grand Rapids, MI 49503
> Telephone: (616) 752-2132

    (k)    The Trustee requests that he be authorized to pay and disburse funds to facilitate closing and the transfer of the Interest to the successful bidder.  However, the Buyer or other successful bidder must pay any applicable transfer taxes and recording fees, as the Trustee will not be obligated to pay any closing costs.

    (l)    The Trustee shall have the right to refuse to recommend confirmation of any bid which does not conform to the provisions of this Motion.

    (m)    The Trustee will not agree to pay any breakup fee to an unsuccessful bidder or to reimburse any unsuccessful bidder for costs and expenses incurred in connection with developing an offer to purchase the Interest.

    (n)    The Trustee shall have no obligation to sell the Interest to any person or entity unless proceeds received from the sale are sufficient to pay the allowed exemptions (if any) claimed by the Debtors.

    (o)    The Trustee requests that the order of this Court confirming the sale take immediate effect such that the closing may be effectuated at the conclusion of the hearing, and that the ten (10) day stay provided by Fed. R. Bankr. P. 6004(g) not apply so that the sale may close immediately following entry of the order.

16.    The Trustee believes that it is in the best interest of this estate that he be authorized to sell the Interest upon the terms and conditions set forth above.

17.    Sale of the Interest will be of a benefit to the estate, as net sales proceeds from sale should generate $20,000.00 or more.

WHEREFORE, the Trustee requests that this Court (a) authorize sale of the Interest on the terms of this Motion, and (b) grant the Trustee such other, further or different relief as is just and equitable.

                                          WARNER NORCROSS & JUDD LLP
                                        Attorneys for Trustee

Dated: May 29, 2012              By: /s/ Timothy Hillegonds
                                                 Timothy Hillegonds (P25555)
                                                 900 Fifth Third Center, 111 Lyon St NW
                                                 Grand Rapids, MI 49503
                                                 (616) 752-2132

8291022-3